# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-772-RJC-DSC

| | |
|---|---|
| SHARON SHIPMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| BANK OF AMERICA, et. al., | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND RECOMMENDATION AND ORDER

**THIS MATTER** is before the Court on Defendants' Bank of America, N.A. and Paul Donofrio's "Motion to Dismiss" (document #13), the Federal Defendants' "… Motion … for Dismissal" (document #16), and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's <u>pro se</u> Complaint is styled as an "Action for Trustee to Perform Under Terms of the Deed." Plaintiff states that on August 26, 2016, she executed a "Deed of Special Trust" in which she "terminates and disclaims any/all purported resident agency, public office, public trusteeship, and/or public Suretyship…" and "delivers…in trust, the Collateral" to the "Trustee," who she defines as various federal governmental entities. The "Collateral" is defined as "'Sharon

Chambliss d/b/a 'SHARON CHAMBLISS' a/k/a 'SHARON CHAMBLISS SHIPMAN.'" (Compl. Attachment B). On October 3, 2016, Plaintiff executed a Quit Claim deed in which she purported to transfer the property at 4431 Trillium Fields Drive in Charlotte, North Carolina (the "Property") to "SCS Trustee." The Complaint comports with "sovereign citizen" ideology.

As a matter of public record, the Property is subject to a Deed of Trust held by Defendant Bank of America ("BANA"). On June 8, 2007, Plaintiff and her husband executed the Deed of Trust to secure repayment of a Note in favor of BANA.

Plaintiff contends that by executing the "Deed of Special Trust," she released the Property from any encumbrance such as the Deed of Trust. She claims that the United States now holds the property in trust for her benefit.

Defendants have moved to dismiss on the grounds that the Complaint fails to state a claim upon which relief can be granted. Defendants' Motions to Dismiss are ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or

develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff claims that execution of the "Deed of Special Trust" and Quit Claim deed rendered the Deed of Trust in favor of Defendant BANA unenforceable. This claim is frivolous. A borrower cannot release herself from a deed of trust. See In re Foreclosure of a Deed of Trust, 2016 N.C. App. LEXIS 316 at *29 (N.C. Ct. App. Apr. 5, 2016) (holding that deed of trust executed by borrower is valid and enforceable instrument against the subject property).

The Complaint and associated documents resemble those submitted in other "sovereign citizen" cases. "Sovereign citizen" ideology asserts that the federal, state, and local governments have no authority over its adherents and that all laws or regulations passed by those bodies cannot be enforced against them. James-Bey v. Stancil, 2016 U.S. Dist. LEXIS 62313, at *4 n.1 (W.D.N.C. May 10, 2016). It is manifestly erroneous as a matter of law. Id.

These lawsuits are based on the belief that "they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." Gravatt v. United States, 100 Fed. Cl. 279, 282 (2011) (citations omitted). Courts across the United States have described the legal claims brought by "sovereign citizens" as "frivolous, irrational [and] unintelligible." United States v. Staten, 2012 U.S. Dist. Lexis 87556 (M.D. Pa. 2012) (quoting United States v. Omelas, 2010 U.S. Dist. Lexis 119194 (S.D. Ala. 2010) See also United States v. Mitchell, 405 F.Supp. 2d 602, 605 (D. Md.

2005) (summary of the history of "sovereign citizen" legal theories). Similarly, Plaintiff's Complaint here fails to state any intelligible claim for relief against the Defendants.

Accordingly, the undersigned respectfully recommends that Defendants' Motions to Dismiss be granted.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' Bank of America, N.A. and Paul Donofrio's "Motion to Dismiss" (document #13) and the Federal Defendants' "… Motion … for Dismissal" (document #16) be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316;

Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiff, to defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: March 3, 2017

David S. Cayer
United States Magistrate Judge