UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-772-RJC-DSC

| | |
|---|---|
| SHARON CHAMBLISS SHIPMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FUNDS MANAGEMENT BRANCH, ) <br> DIVISION OF FEDERAL INVESTMENTS ) <br> BUREAU OF THE FISCAL SERVICES, et ) <br> al., ) <br> ) <br> Defendants. ) | ORDER |

**THIS MATTER** comes before the Court on Defendants Bank of America, N.A. and Paul Donofrio's Motion to Dismiss, (Doc. No. 13); Defendants Funds Management Branch, Division of Federal Investments Bureau of the Fiscal Services; United States Department of the Treasury; and Ryan Hanna's (collectively, the "Federal Defendants") Motion to Strike Or, in the Alternative, for a More Definite Statement of for Dismissal, (Doc. No. 16), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 23), recommending that this Court grant the defendants' motions; Plaintiff's objection to the M&R, (Doc. No. 24); and the Federal Defendants' reply to Plaintiff's objection, (Doc. No. 25). The motions are ripe for adjudication.

I.   BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as

1

reproduced below.

> Plaintiff's *pro se* Complaint is styled as an "Action for Trustee to Perform Under Terms of the Deed." Plaintiff states that on August 26, 2016, she executed a "Deed of Special Trust" in which she "terminates and disclaims any/all purported resident agency, public office, public trusteeship, and/or public Suretyship…" and "delivers…in trust, the Collateral" to the "Trustee," who she defines as various federal governmental entities. The "Collateral" is defined as "'Sharon Chambliss d/b/a 'SHARON CHAMBLISS' a/k/a 'SHARON CHAMBLISS SHIPMAN." (Compl. Attachment B). On October 3, 2016, Plaintiff executed a Quit Claim deed in which she purported to transfer the property at 4431 Trillium Fields Drive in Charlotte, North Carolina (the "Property") to "SCS Trustee." The Complaint comports with "sovereign citizen" ideology.
>
> As a matter of public record, the Property is subject to a Deed of Trust held by Defendant Bank of America ("BANA"). On June 8, 2007, Plaintiff and her husband executed the Deed of Trust to secure repayment of a Note in favor of BANA.
>
> Plaintiff contends that by executing the "Deed of Special Trust," she released the Property from any encumbrance such as the Deed of Trust. She claims that the United States now holds the property in trust for her benefit.
>
> Defendants have moved to dismiss on the grounds that the Complaint fails to state a claim upon which relief can be granted. Defendants' Motions to Dismiss are ripe for determination.

(Doc. No. 23 at 1–2).

## II.  STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B).  The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C);

2

Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). Although Plaintiff Sharon Shipman ("Plaintiff") filed a document styled as an objection, she did not object to anything in the M&R. Rather, she objected to the Magistrate Judge's involvement in the matter. As explained above, review of the motions to dismiss and issuance of an M&R is within the proper jurisdiction of the Magistrate Judge. Furthermore, by not objecting to anything within the M&R, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review

3

of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge should be approved in part.  Specifically, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claims against Defendants Bank of America, N.A. and Paul Donofrio should be dismissed with prejudice for failure to state a claim.  But, while the Court agrees with the M&R that Plaintiff's claims against the Federal Defendants should be dismissed, the Court finds that such a dismissal occurs due to a lack of subject-matter jurisdiction (not for failure to state a claim), and therefore is done without prejudice. See (Doc. No. 16 at 6).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 23), is **ADOPTED in part**. Specifically, the Court adopts the Magistrate Judge's recommendation that Plaintiff's claims against Defendants Bank of America, N.A. and Paul Donofrio should be dismissed with prejudice for failure to state a claim.  The Court finds that Plaintiff's claims against the Federal Defendants should be dismissed without prejudice due to a lack of subject matter jurisdiction.

2. Defendants Bank of America, N.A. and Paul Donofrio's Motion to Dismiss, (Doc. No. 13), is **GRANTED**.  Specifically, Plaintiff's claims against Bank of America are **DISMISSED with prejudice** for failure to state a claim.

3. The Federal Defendants' Motion to Strike Or, in the Alternative, for a More Definite Statement of for Dismissal, (Doc. No. 16), is **GRANTED**.

Specifically, Plaintiff's claims against the Federal Defendants are **DISMISSED without prejudice** because this Court lacks subject matter jurisdiction.

4. All other pending motions are **DISMISSED as moot**.
5. The Clerk of Court is directed to close this case.

Signed: August 15, 2018

Robert J. Conrad, Jr.
United States District Judge